KEVIN B. RIORDAN, ESQ. LLC
**Attorney I.D. No.: 011541984**
20 Hadley Avenue
Toms River, NJ 08753
Tel:  732-240-2250/Fax: 732-240-3334
E-mail Address:  kriordan@kbrlawfirm.com
File No. 0090-090 **[4525-KBR]**
Attorney for Plaintiffs, D.P., Mary Ann L. and PETER J. P., individually and as Guardians for D.P.

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| D.P. and MARY ANN L. AND PETER J. P. individually and as Guardians for D.P., Plaintiff<br><br>v.<br><br>FRIENDS OF CYRUS INC. AND/OR FRIENDS OF CYRUS II INC. d/b/a LIFETIME WITH CYRUS, DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe | *ELECTRONICALLY FILED*<br><br><br>Case No.  3:24-cv-7734<br><br><br>Civil Action<br><br><br><br>**<u>COMPLAINT WITH JURY DEMAND</u>** |

PLAINTIFFS, D.P. and MARY ANN L. AND PETER J. P., all residing in Monmouth County, as individuals and as the Guardians of D.P. by way of Complaint against Defendant(s), FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS, DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to

1

describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative say:

## THE PARTIES

1. At all times mentioned herein, the Plaintiff, D.P., suffered from autism, was extremely limited in his verbal abilities, although minimally verbal, and was a resident at a group home named LIFETIME WITH CYRUS, facility 2GH27478, located at 8 Wheeler Road, Kendall Park, NJ, 08824.

2. At all times mentioned herein, the Defendant, LIFETIME WITH CYRUS was owned and controlled by FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS.

3. Defendant, DAREN SINGHANI, is a founder and member of the Board of Directors of Defendant, FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS., sharing the same addresses cited above for Defendant, FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS.

4. Defendant, KAMELIA KAMELI, is a founder and the Chief Operating Officer of Defendant, FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS., sharing the same addresses cited above for Defendant, FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS.

5. Defendant, ABAYOMI OKUNNUBI, is the Regional Director of Operations of Defendant, FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS., sharing the same addresses cited above for Defendant,

FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS.

6.   Defendant, HUSAM SAM E. ABDALLAH, is Executive Director of Defendant, FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS., sharing the same addresses cited above for Defendant, FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS.

7.   At all times relevant herein, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), are all individuals/ organizations involved in the care, treatment, supervision and/or assistance provided and/or ownership of entities that provided care while Plaintiff was a resident at the group home, LIFETIME WITH CYRUS.

8.   At all times relevant herein, ABC CORPORATIONS "A" through "Z" fictitious names used to describe unknown Defendants are corporations or other legal entities involved with the treatment, care, management, supervision, and/or assistance provided and/or ownership of entities that provided care to the Plaintiff while Plaintiff was a resident at LIFETIME WITH CYRUS.

9.    At all times relevant herein, John and/or Jane Does "A" through   fictitious names used to describe unknown Defendants are all individuals involved in the care, treatment, supervision, and/or assistance provided and/or ownership of entities that provided care to the Plaintiff while Plaintiff was a resident at the group home, LIFETIME WITH CYRUS.

10.   Plaintiffs, MARY ANN L. AND PETER J. P., residents of Monmouth County, were appointed Guardians of D.P. by the Monmouth County Surrogate Court Order on November 20, 2018.

3

## JURISDICTION AND VENUE

11.  This action is brought by PETER J. P. and MARY ANN L., Individually and as Parents and Natural Guardians of D.P. (collectively referred to as "Plaintiffs"), against the named defendants under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), and their federal and state implementing regulations, and New Jersey tort law.

12.  The incidents which give rise to this cause of action occurred within this jurisdiction and within two years of the filing of this Complaint.

13.  Venue is proper pursuant to 28 U.S.C. §1391, as all the defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

14.  Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. §1331. Plaintiffs further invoke the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367,

## FACTUAL ALLEGATIONS

15.   At all times mentioned herein, Plaintiff, D.P. was a disabled resident and relied on the Defendant, LIFETIME WITH CYRUS and their staff for health care, medication administration, transportation, diet monitoring, assistance with activities of daily living, daily hygiene including but not limited to bathroom use and showering, obtaining medical care from the appropriate medical providers, and safety from injuries.

16.  Plaintiff, D.P. is autistic, bipolar, and minimally verbal.

17.   As a licensed Group Home in New Jersey, Defendant LIFETIME WITH CYRUS is subject to N.J.S.A. 30:6D-1 et seq, which incorporates both the State Regulations found at N.J.A.C. 10:44A and applicable federal regulations.

18.   D.P. is a young man with severe Autism Spectrum Disorder ("ASD") who suffered an injury entrusted to the full-time care and supervision of a facility run by FRIENDS OF CYRUS, FRIENDS OF CYRUS, INC., and/or FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS.

19.   D.P. communicated to the staff at the facility that he had been injured.

20.   The staff, upon learning of the injury did not respond to the injury appropriately.

21.   Upon information and belief and at all times mentioned herein, Plaintiff was mishandled, injured, left untreated, abandoned and/or neglected on or about July 15, 2022, while a resident of the Defendant group home, LIFETIME WITH CYRUS, located at 8 Wheeler Way, Kendal Park, New Jersey, by Defendants and Defendants' servants, agents, and employees causing physical and psychological injuries.

22.   Upon information and belief, the DEPARTMENT OF HUMAN SERVICES, OFFICE OF PROGRAM INTEGRITY & ACCOUNTABILITY investigated the incident and assessed that the allegations of neglect were unsubstantiated.

23.   Upon information and belief, Defendants, and their agents, servants, and employees provided knowingly false information to the parents and investigators in order to avoid responsibility for the injuries and damages to Plaintiff, D.P.

24.   On or about July 15, 2022, Plaintiff MARY ANN L. attempted to contact D.P. as usual.

25.   D.P. did not respond.

26.   After a number of attempts MARY ANN L. contacted the facility.

27.   The facility reported that D.P. was not in his room, but instead was with them.

28.   MARY ANN L. was informed that D.P. was not in his room because he had complained of pain "down there."

29.   MARY ANN L. was advised that she may want to take D.P. to a Doctor on July 16th, 2022, the following day, when MARY ANN L. was scheduled to pick D.P. up for a home visit.

30.   MARY ANN L. was further advised that the facility had showered D.P.

31.   In fact, D.P. needed emergency care on the 15th of July, 2022.

32.   MARY ANN L. took D.P. to the emergency room at Jersey Shore Medical Center on or about July 16, 2022.

33.   The emergency room diagnosed D.P. with an acute left testicular torsion injury compatible with testicular strangulation requiring surgical removal of the testicle.

34.   Upon information and belief, D.P. continued to suffer from extreme pain from the time of the injury, on or before July 15, 2024, and staff of LIFETIME WITH CYRUS neglected and refused to take him for needed treatment after the injury in an attempt to cover up the injury and avoid responsibility.

35.   At all times relevant herein, D.P. received supervision and care by nurses, aides and other apparent servants, agents, and and/or employees of all Defendants. Plaintiff was unable to select or choose any of the professionals and/or individuals who rendered care to him and believes they were all servants, agents, and/or employees of all individual Defendants and the other legal entities that own, control, monitor, and/or manage the Defendant facilities.

36.   At all times relevant herein, in addition to being directly liable for the wrongful acts and omissions detailed within this Complaint, Plaintiffs plead in the alternative that all corporate Defendants, owners and management companies are also indirectly liable and responsible for each and every act and omission stated herein and the resulting damages.

37.   At all times relevant herein, it is alleged that all negligent, wrongful, intentional, willful, wanton, grossly negligent and deliberate acts attributed to any of the Defendants shall be attributed to all of the Defendants based on the mechanism of decision making at LIFETIME WITH CYRUS, as well as the application of agency principles.

## COUNT I

## GENERAL NEGLIGENCE

1.  Plaintiffs repeat, reiterate and incorporate by reference the prior paragraphs as if fully set forth at length herein.

2.  Defendants held themselves out as a specialist in the field of providing group home residency and behavioral health care with the expertise necessary to maintain the health and safety of persons with disabilities unable to care adequately for themselves.

3.  Defendants were under a contractual duty to provide reasonable and adequate health care and rehabilitation to the Plaintiff consistent with existing community standards.

4.  At all times pertinent hereto, Plaintiff was a patient/participant of the Defendants' programs, pursuant to the terms of the applicable admission agreement and, as such, was under the exclusive care and control of the Defendants and their agents, officers, servants and/or employees.

5.  Defendants, their agents, officers, servants and/or employees failed, refused and/or neglected to perform the duties to provide reasonable and adequate health care and rehabilitation to and for Plaintiff who was unable to attend to his own health and safety and dignity.

6.  Defendants, their agents, officers, servants and/or employees negligently and carelessly provided care and treatment to Plaintiff and all of the alleged acts, omissions and occurrences herein described or performed by Defendant(s), their agents, officers,

servants and/or employees fell within the course and scope of their agency and employment with the Defendant(s) and in furtherance of the Defendant(s)' business.

7.   While the Plaintiff was a patient resident of the Defendant, LIFETIME WITH CYRUS, he was injured and neglected by the servants, agents, and/or employees of Defendants, causing him to suffer from several personal injuries, including but not limited to damage to his left testicle, which caused him significant pain, suffering, limitations and amputation of his left testicle.

8.   The negligence of the Defendant(s) included, but was not limited to the following, to wit: (a) permitting injury of the Plaintiff; (b) condoning the failure of employees to immediately report to supervisory personnel injuries and/or neglect of the Plaintiff; (c) permitting inadequate and false charting of the Plaintiff's records; (d) failure to notify the physician and the Plaintiff and Plaintiff's family in a timely manner of action which affected the Plaintiff's health, safety, dignity, and well-being; (e) failure to hire a sufficient number of trained and competent staff, as evidenced by continuous understaffing; (f) condoning questionable recording/charting in the Plaintiff's medical records; (g) violating New Jersey Statutes, New Jersey Administrative Regulations: (h) failure to create and adhere to an individualized plan of care; (i) failure to discharge employees when the facility knew or should have known of the employee's propensity for negligent care of the Plaintiff; (j) condoning, and thus allowing, untrained/unlicensed individuals to provide care to the Plaintiff; (k) failure to properly train employees to deal with residents who are unable to care for themselves and residents in need of medical care, treatment, care and rehabilitation; (1) failure to properly investigate the background of perspective employees; (m) failure to notify supervisors of the on-call physician's failure to properly care for the Plaintiff, as required by regulations in effect at the time of this incident; (n) failure to train the employees to recognize medical conditions/symptoms

8

which required the Plaintiff's transfer or admission to the hospital; (o) failure to properly train employees to deal with disabled residents who are likely to be subject to injury as detailed by their own policies and procedures and the State of New Jersey regulations; and (p) failed to provide prompt and necessary medical care; (q) failed to treat and report medical care; (r) failed to make sure the Plaintiff was cleaned and nourished; (s) failed to comply with the applicable regulations, statutes and laws of the State of New Jersey, including but not limited to, Danielle's Law.

9.   Plaintiffs further allege that the care, skill or knowledge exercised or exhibited in the treatment, practice or work performed by the Defendants in their care and treatment of Plaintiff fell outside the standard of care and practice.

10.   As a direct and proximate result of the negligence of the Defendant(s), their agents, officers, servants and/or employees, Plaintiff suffered from untreated medical conditions, was caused to sustain serious personal injuries, endure great physical pain and mental anguish, and become liable for extensive expenses for medical, hospital and rehabilitative care and treatment.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s) FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS, DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages which will reasonably compensate them for the significant injuries, pain and

suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT II

### GROSS NEGLECT

1.    Plaintiffs repeat, reiterate and incorporate by reference the prior paragraphs as if fully set forth at length herein.

2.    At all relevant times hereto, Defendants knew or should have known that their residents were in need of particular care and supervision.

3.    Defendants failed to exercise adequate care in the supervision of their disabled patients, such as the Plaintiff, to whom they owed such a duty. This failure to exercise such care rises to the level of Gross Neglect as defined by the Legislature and the Judiciary of New Jersey.

4.    As a direct and proximate result of the aforesaid carelessness, recklessness, gross neglect and negligence of Defendant(s), Plaintiff sustained severe, personal injuries, was forced to endure great pain and suffering, and was forced to incur medical expenses in the care and treatment of said injuries.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s) FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to

describe unknown Defendants) individually, jointly, severally and in the alternative, damages which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT III

### NEGLIGENT SUPERVISION AND NEGLIGENT HIRING

1.     Plaintiffs repeat, reiterate and incorporate by reference the prior paragraphs as if fully set forth at length herein.

2.     Defendants are responsible for hiring competent supervisors, managers, nurses and any other personnel and/or staff necessary to control, oversee, monitor, and manage the care at the Defendants' facility and its patients such as Plaintiff.

3.     The supervisors, managers, nurses and other personnel and/or staff of the Defendants, failed to exercise due care in controlling, overseeing, managing, and/or monitoring the patients' care and treatment therein, including the Plaintiff.

4.     Defendants are liable for the negligence, carelessness and recklessness of their servants, agents, and employees under the Doctrine of Respondeat Superior.

5.     As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Defendants, Plaintiff sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering and was forced to incur medical expenses in the care and treatment of said injuries.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional

Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative damages which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## <u>COUNT IV</u>

### CLAIMS BASED UPON SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794 ("SECTION 504")

1.    Plaintiffs incorporate by reference all preceding and subsequent paragraphs in this Complaint.

2.    Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits the exclusion of, or discrimination against, handicapped persons in federally funded programs. Section 504 provides that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under any program or activity that either receives Federal financial assistance or is conducted by any Executive agency or the United States Postal Service." 29 U.S.C. § 794.

3.    Under Section 504, a "handicapped person" is defined as "any person who has a physical or mental impairment which substantially limits one or more major life activities." 34 C.F.R. § 104.3. The term "physical or mental impairment" is defined as "any physical or psychological disorder such as emotional or mental illness and specific learning disabilities" Id. The term "major life activities" is defined as "functions such as caring for one's self . . . learning and working." 34 C.F.R. § 104.3.

12

4.     At all times relevant to this Complaint, D.P. was a qualified individual with a disability for purposes of Section 504.

5.     At all times relevant to this Complaint, Defendants knew of D.P.'s disability.

6.     Defendants owed D.P. a duty of care to provide him with an appropriate and properly supervised residential program in accordance with Section 504.

7.     Defendants breached their duty of care under Section 504 in failing to provide D.P. with a safe and appropriate residential program and to be free from abuse and bodily harm at the hands of his caregivers.

8.     Defendants' conduct in failing to provide D.P. with a safe and appropriate residential program denied him the benefits of his program.

9.     Despite his disabilities, at all times relevant to this Complaint, D.P. was otherwise qualified to participate in FBH's residential program with appropriate accommodations and supplemental supports for purposes of Section 504.

10.    Defendants discriminated against D.P. by failing to provide him with a safe and properly supervised residential program, ultimately causing his injuries.

11.    As a result of his disability, D.P. is minimally verbal.

12.    As a result of his disability, D.P.'s communication skills are limited, requiring extra attention by the staff to his communication efforts.

13.    As a result of his disability, D.P. was unable to understand and communicate about the fact that Defendants' staff was not providing to him a safe and properly supervised residential program.

14.    In addition to causing and allowing D.P. to be injured, Defendants neglected D.P.'s needs due to the fact that D.P. was not able to report such failures on the part of Defendants' staff.

15.   D.P.'s disability was the basis for, and cause of, the discrimination against him, denial of benefits of his program, and his injuries.

16.   D.P. was discriminated against by the Defendants solely on the basis of disability.

17.   Defendants are the recipients of multiple sources of federal financial assistance and funds, including but not limited to Medicare and other similar programs designed to allow for the inpatient treatment of D.P. and other similarly-situated individuals.

18.   Defendants' conduct constituted a conscious disregard for, and deliberate indifference to, D.P.'s rights under Section 504 to a safe and appropriate residential program, and to be free from abuse and bodily harm at the hands of his caregivers.

19.   As a direct and proximate result of Defendants' violations of Section 504 as set forth above, D.P. was injured, and has suffered severe physical and emotional trauma, post-traumatic stress disorder, escalating maladaptive and self-injurious behaviors, separation from family and other relationships, and loss of life's most basic pleasures. D.P. has incurred and will continue to incur significant physical, emotional, behavioral harm and monetary damages stemming from the injuries he has suffered due to Defendants' violations of Section 504.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages which will reasonably compensate them for the significant injuries, pain and

suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT V

## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101

1.    Plaintiffs incorporate by reference all preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

2.    Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A facility such as Defendants' is a "place of public accommodation." 42 U.S.C. § 12181(7)(F).

3.    At all times relevant to this Complaint, D.P. was a qualified individual with a disability for purposes of the ADA.

4.    At all times relevant to this Complaint, Defendants knew of D.P.'s disability.

5.    Defendants owed D.P. a duty of care to provide D.P. with an appropriate and properly supervised residential program free from physical injury in accordance with the ADA.

6.    Defendants breached their duty of care under the ADA in failing to provide D.P. with a safe and appropriate residential program and to be free from bodily harm at the hands of his caregivers.

7.    Defendants' conduct in failing to provide D.P. with a safe and appropriate residential program free from physical harm denied him the benefits of his program.

8.     Despite his disabilities, at all times relevant to this Complaint, D.P. was otherwise qualified to participate in the Defendants' residential program with appropriate accommodations and supplemental supports for purposes of the ADA.

9.     Defendants discriminated against D.P. by failing to provide D.P. with a safe and properly supervised residential program, ultimately causing his injuries.

10.    As a result of his disability, D.P. is minimally verbal.

11.    As a result of his disability, D.P. was able to articulate only that there was an "ouch" and pointed to his groin.

12.    As a result of his disability, D.P. was unable to communicate more information about his injuries.

13.    In addition to causing and allowing D.P. to be injured, Defendants neglected D.P.'s needs due to the fact that Defendants failed to investigate what was causing these communication efforts by D.P.

14.    D.P.'s disability was the basis for, and cause of, the discrimination against him, denial of benefits of his program, and his injuries.

15.    Since D.P. was unable to report the abuse, neglect and failures on the part of Defendants due to his minimally verbal nature, D.P. was treated differently than a non-disabled individual would be treated and, as a result, was discriminated against on the basis of his disability.

16.    Defendants' conduct constituted a conscious disregard for, and deliberate indifference to, D.P.'s rights under the ADA to a safe, appropriate and properly supervised residential program, and to be free from bodily harm.

17.    D.P. has incurred and will continue to incur significant physical, emotional, behavioral harm and monetary damages stemming from the injuries he has suffered due to Defendants' violations of the ADA.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s) FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS, DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT VI

## BREACH OF FIDUCIARY DUTY

1. Plaintiffs incorporate by reference all preceding and subsequent paragraphs in this Complaint.

2. A fiduciary relationship existed between Defendants, including its employees, agents, and officers, and D.P., in that D.P. reposed a special confidence in Defendants to the extent that D.P. and Defendants did not deal with each other on equal terms, due to D.P.'s disabilities, as well as his dependence and justifiable trust on Defendants and their personnel.

3. Defendants breached that duty through their actions as set forth above.

4. As a direct and proximate result of Defendants' breaches of fiduciary duty, D.P. was injured, and has suffered severe physical and emotional trauma, post-traumatic stress disorder,

escalating maladaptive and self-injurious behaviors, separation from family and other relationships, and loss of life's most basic pleasures.

5. D.P. has incurred and will continue to incur significant physical, emotional, behavioral harm and monetary damages stemming from the injuries he has suffered due to Defendants' breaches of fiduciary duty.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT VII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1.   Plaintiffs incorporate by reference all preceding and subsequent paragraphs in this Complaint.

2.   As set forth above, the Defendants owed D.P. a pre-existing duty of care through having a fiduciary relationship with him.

3.     Defendants, as set forth above, breached that duty, causing D.P. significant emotional distress, which has manifested itself in physical and psychiatric injuries, including an exacerbation of his pre-existing conditions.

4.     As a direct and proximate result of Defendants' violations as set forth above, D.P. was injured, and has suffered severe physical and emotional trauma, post-traumatic stress disorder, escalating maladaptive and self-injurious behaviors, separation from family and other relationships, and loss of life's most basic pleasures.

5.     D.P. has incurred and will continue to incur significant physical, emotional, behavioral harm and monetary damages stemming from the injuries he has suffered due to Defendants' negligence and abuse.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages  which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL STRESS ON PLAINTIFF'S PARENTS/GUARDIANS

1.    Plaintiffs incorporate by reference all preceding and subsequent paragraphs in this Complaint.

2.    The Defendants intentionally lied, provided misinformation, purposely omitted information and/or withheld information to the parents and guardians of Plaintiff, D.P. regarding the injuries of D.P. which caused additional damages and emotional distress on the parents/guardians of D.P.

3.    Defendants had a duty to provide complete and truthful information regarding their son, in a timely fashion to the parents/guardians at D.P., so that they could provide the proper care for their son when transitioned from the Defendants' facility back to the care of the mother.

4.    Defendants breached the duty owed to Plaintiffs through a series of actions, inactions, omissions and intentional misinformation designed to cover up the injuries to D.P. caused by the Defendants.

5.    The extent of D.P.'s permanent injuries were the result of the Defendants' failure to properly inform D.P.'s mother of the injuries and not allow her to provide the necessary medical care and attention to D.P.

6.    As a direct and proximate result of the intentional act or omissions of the Defendants, D.P.'s mother suffered emotional stress due to witnessing and observing D.P.'s physical injuries, physical pain and anguish, and being unable to get the truth out of the Defendants.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional

20

Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages  which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT IX

### PUNITIVE DAMAGES

1.     Plaintiffs repeat, reiterate and incorporate by reference the prior paragraphs as if fully set forth at length herein.

2.     The aforementioned acts and omissions of Defendants were outrageous and performed willfully, wantonly and with complete disregard to Plaintiff's rights and in reckless indifference to the rights of others and specifically the Plaintiff, and his family, and those acts further shocked the conscience of the community.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to

describe unknown Defendants) individually, jointly, severally and in the alternative, damages  which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT X

### FICTITIOUS INDIVIDUAL/ENTITY NEGLIGENCE

1.      Plaintiffs repeat, reiterate and incorporate by reference the prior paragraphs as if fully set forth at length herein.

2.      Plaintiffs hereby names John and/or Jane Does "A" through "Z" (fictitious names used to describe unknown Defendants) and ABC Corporations. "A" through (fictitious names used to describe unknown Defendants) as an individual, partnership, company and/or corporation who has either been misidentified and/or omitted as a Defendant(s) and whose negligence contributorily caused the injuries sustained by Plaintiff(s).

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages  which will reasonably compensate them for the significant injuries, pain and

suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT XI

### RESPONDEAT SUPERIOR

1.     Plaintiffs repeat, reiterate and incorporate by reference the prior paragraphs as if fully set forth at length herein.

2.     At all relevant times hereto, Defendants were acting through their servants, agents, and/or employees acting within the scope of their employment.

3.     Defendants failed to exercise adequate care in the supervision of their disabled and behavioral patients. such as Plaintiff to whom they owed such a duty.

4.     As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of Defendants including but not limited the failure to provide prompt and needed medical care, decedent Plaintiff sustained severe, personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, and was forced to incur medical expenses in the care and treatment of said injuries.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe

unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to describe unknown Defendants) individually, jointly, severally and in the alternative, damages  which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## COUNT XII

## VIOLATIONS OF <u>N.J.S.A.</u> 55:13B-1 ET SEQ.

1.     Plaintiffs repeat, reiterate and incorporate by reference the prior paragraphs as if fully set forth at length herein.

2.     Defendants constitute a "board facility" or "rooming house" pursuant to <u>N.J.S.A.</u> 55:13B-1 et seq.

3.     Plaintiff was a resident at Defendants' facility.

4.     Defendants violated the rights of residents of a boarding facility by failing to maintain a "safe and decent living environment and considerate and respectful care that recognizes the dignity and individuality' of the resident", pursuant to <u>N.J.S.A.</u> 55:13B-19.

WHEREFORE, PLAINTIFFS, D.P., and MARY ANN L. AND PETER J. P., individually and as Guardians for D.P., demand from Defendant(s)  FRIENDS OF CYRUS AND/OR FRIENDS OF CYRUS II d/b/a LIFETIME WITH CYRUS,  DAREN SINGHANI, CEO, KAMELIA KAMELI, COO and Executive Director, ABAYOMI OKUNNUBI, Regional Director of Operations, HUSAM SAM E. ABDALLAH, Executive Director, FACILITY ADMINISTRATORS 1-10, a name being fictitious (representing one or more fictitious defendants), JOHN AND/OR JANE DOES "A" through "Z" (fictitious names to describe unknown Defendants); and ABC CORPORATIONS "A" through "Z" (fictitious names used to

describe unknown Defendants) individually, jointly, severally and in the alternative, damages which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## JURY DEMAND

Please take notice that Plaintiffs hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Kevin B. Riordan. Esq. is hereby designated as trial counsel on behalf of the Plaintiffs in the above-captioned matter on behalf of the firm of Kevin B. Riordan, Esq., LLC.

**KEVIN B. RIORDAN, ESQ., LLC**
**Attorney for Plaintiffs**

**/s/** *Kevin B. Riordan*
Kevin B. Riordan

Dated:  July 12, 2024