MARGOLIS EDELSTEIN
Colleen M. Ready, Esquire
Attorney I.D. #032131984
100 Century Parkway, Suite 200
P.O. Box 5084
Mount Laurel, NJ 08054
856-727-6000
Attorneys for Defendants, Friends of Cyrus II Inc. d/b/a Lifetime with Cyrus, improperly
pled as Friends of Cyrus Inc., and Friends of Cyrus II Inc. d/b/a Lifetime with Cyrus, Daren
Singhani, Kamelia Kamell, Abayomi Okunnubi, and Husam Sam E. Abdallah
File No. 23550.1-00003

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

_____

D.P. and MARY ANN L. AND PETER J.
P. individually and as Guardians for D.P.,

        Plaintiff,                    Case No.:  3:24-cv-7734

        vs.

FRIENDS OF CYRUS INC. AND/OR                CIVIL ACTION
FRIENDS OF CYRUS II INC. d/b/a
LIFETIME WITH CYRUS, DAREN            **ANSWER WITH SEPARATE**
SINGHANI, CEO, KAMELIA KAMELL       **DEFENSES, JURY DEMAND**
COO and Executive Director, ABAYOMI    **AND TRIAL DESIGNATION**
OKUNNUBI, Regional Director of Operations,
HUSAM SAM E. ABDALLAH, Executive
Director, FACILITY ADMINISTRATORS
1-10, a name being fictitious (representing
one or more fictitious defendants), JOHN
AND/OR JANE DOES "A" through "Z"
(fictitious names to describe),

        Defendants.

_____

        Defendants, Friends of Cyrus II Inc. d/b/a Lifetime with Cyrus, improperly pled as

Friends of Cyrus Inc., and Friends of Cyrus II Inc. d/b/a Lifetime with Cyrus, Daren

Singhani, Kamelia Kamell, Abayomi Okunnubi, and Husam Sam E. Abdallah, by way of Answer to the Complaint, say:

## **THE PARTIES**

1.      Defendants make no answer to the allegations of Paragraph One inasmuch as same are not directed to this defendant except to admit that plaintiff, D.P., was a resident at a group home named Lifetime With Cyrus.

2.      The allegations of Paragraph Two are admitted.

3.      The allegations of Paragraph Three are admitted.

4.      The allegations of Paragraph Four are admitted.

5.      The allegations of Paragraph Five are admitted.

6.      The allegations of Paragraph Six are admitted.

7.      Defendants make no answer to the allegations of Paragraph Seven inasmuch as same are not directed to these defendants.

8.      Defendants make no answer to the allegations of Paragraph Eight inasmuch as same are not directed to these defendants.

9.      Defendants make no answer to the allegations of Paragraph Nine inasmuch as same are not directed to these defendants.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Ten and, accordingly, plaintiffs are left to their proofs.

## JURISDICTION AND VENUE

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Eleven and, accordingly, plaintiffs are left to their proofs.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twelve and, accordingly, plaintiffs are left to their proofs.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Thirteen and, accordingly, plaintiffs are left to their proofs.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fourteen and, accordingly, plaintiffs are left to their proofs.

## FACTUAL ALLEGATIONS

15.    Defendants make no answer to the allegations of Paragraph Fifteen inasmuch as same are not directed to these defendants.

16.    Defendants make no answer to the allegations of Paragraph Sixteen inasmuch as same are not directed to these defendants.

17.    The allegations of Paragraph Seventeen are admitted.

18.    The allegations of Paragraph Eighteen are denied.

19.    The allegations of Paragraph Nineteen are denied.

20.    The allegations of Paragraph Twenty are denied.

21.    The allegations of Paragraph Twenty-One are denied.

22.    The allegations of Paragraph Twenty-Two are denied.

23.    The allegations of Paragraph Twenty-Three are denied.

24.    Defendants make no answer to the allegations of Paragraph Twenty-Four inasmuch as same are not directed to these defendants.

25.    Defendants make no answer to the allegations of Paragraph Twenty-Five inasmuch as same are not directed to these defendants.

26.    Defendants make no answer to the allegations of Paragraph Twenty-Six inasmuch as same are not directed to these defendants.

27.    The allegations of Paragraph Twenty-Seven are denied.

28.    The allegations of Paragraph Twenty-Eight are denied.

29.    The allegations of Paragraph Twenty-Nine are denied.

30.    The allegations of Paragraph Thirty are denied.

31.    The allegations of Paragraph Thirty-One are denied.

32.    The allegations of Paragraph Thirty-Two are denied.

33.    The allegations of Paragraph Thirty-Three are denied.

34.    The allegations of Paragraph Thirty-Four are denied.

35.    The allegations of Paragraph Thirty-Five are denied.

36.    The allegations of Paragraph Thirty-Six are denied.

37.    The allegations of Paragraph Thirty-Seven are denied.

## COUNT I

## GENERAL NEGLIGENCE

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count One.

2.      The allegations of Paragraph Two are admitted.

3.      The allegations of Paragraph Three are denied as phrased.

4.      The allegations of Paragraph Four are denied.

5.      The allegations of Paragraph Five are denied.

6.      The allegations of Paragraph Six are denied.

7.      The allegations of Paragraph Seven are denied.

8.      The allegations of Paragraph Eight are denied.

9.      The allegations of Paragraph Nine are denied.

10.     The allegations of Paragraph Ten are denied.

## COUNT II

## GROSS NEGLECT

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Two.

2.      The allegations of Paragraph Two are denied.

3.      The allegations of Paragraph Three are denied.

4.      The allegations of Paragraph Four are denied.

**COUNT III**

**NEGLIGENT SUPERVISION AND NEGLIGENT HIRING**

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Three.

2.      The allegations of Paragraph Two are admitted.

3.      The allegations of Paragraph Three are denied.

4.      The allegations of Paragraph Four are denied.

5.      The allegations of Paragraph Five are denied.

**COUNT IV**

**CLAIMS BASED UPON SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794 ("SECTION 504")**

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Four.

2.      Defendants make no answer to the allegations of Paragraph Two inasmuch as same are not directed to these defendants.

3.      Defendants make no answer to the allegations of Paragraph Three inasmuch as same are not directed to these defendants.

4.      Defendants make no answer to the allegations of Paragraph Four inasmuch as same are not directed to these defendants.

5.      The allegations of Paragraph Five are admitted.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Six and, accordingly, plaintiff's are left to their proofs.

7.      The allegations of Paragraph Seven are denied.

8.      The allegations of Paragraph Eight are denied.

9.      The allegations of Paragraph Nine are denied.

10.     The allegations of Paragraph Ten are denied.

11.     The allegations of Paragraph Eleven are denied.

12.     The allegations of Paragraph Twelve are denied.

13.     The allegations of Paragraph Thirteen are denied.

14.     The allegations of Paragraph Fourteen are denied.

15.     The allegations of Paragraph Fifteen are denied.

16.     The allegations of Paragraph Sixteen are denied.

17.     The allegations of Paragraph Seventeen are denied.

18.     The allegations of Paragraph Eighteen are denied.

19.     The allegations of Paragraph Nineteen are denied.

## COUNT V

## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Five.

2.      Defendants make no answer to the allegations of Paragraph Two inasmuch as the same are not directed to these defendants.

3.      Defendants leave plaintiffs to their proofs.

4.      The allegations of Paragraph Four are admitted.

5.      The allegations of Paragraph Five are denied as phrased.

6.      The allegations of Paragraph Six are denied.

7.      The allegations of Paragraph Seven are denied.

8.      The allegations of Paragraph Eight are denied.

9.      The allegations of Paragraph Nine are denied.

10.     The allegations of Paragraph Ten are denied.

11.     The allegations of Paragraph Eleven are denied.

12.     The allegations of Paragraph Twelve are denied.

13.     The allegations of Paragraph Thirteen are denied.

14.     The allegations of Paragraph Fourteen are denied.

15.     The allegations of Paragraph Fifteen are denied.

16.     The allegations of Paragraph Sixteen are denied.

17.     The allegations of Paragraph Seventeen are denied.

## COUNT VI

## BREACH OF FIDUCIARY DUTY

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Six.

2.      The allegations of Paragraph Two are denied.

3.      The allegations of Paragraph Three are denied.

4.      The allegations of Paragraph Four are denied.

5.      The allegations of Paragraph Five are denied.

## COUNT VII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Seven.

2.      The allegations of Paragraph Two are denied.

3.      The allegations of Paragraph Three are denied.

4.      The allegations of Paragraph Four are denied.

5.      The allegations of Paragraph Five are denied.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL STRESS ON PLAINTIFF'S PARENTS/GUARDIANS

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Eight.

2.      The allegations of Paragraph Two are denied.

3.      The allegations of Paragraph Three are denied.

4.      The allegations of Paragraph Four are denied.

5.    The allegations of Paragraph Five are denied.

6.    The allegations of Paragraph Six are denied.

## COUNT IX

## PUNITIVE DAMAGES

1.    The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Nine.

2.    The allegations of Paragraph Two are denied.

## COUNT X

## FICTITIOUS INDIVIDUAL/ENTITY NEGLIGENCE

1.    The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Ten.

2.    Defendants make no answer to the allegations of Paragraph Two inasmuch as the same are not directed to these defendants.

## COUNT XI

## RESPONDEAT SUPERIOR

1.    The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Eleven.

2.    The allegations of Paragraph Two are denied.

3.    The allegations of Paragraph Three are denied.

4.      The allegations of Paragraph Four are denied.

## COUNT XII

## VIOLATIONS OF N.J.S.A. 55:13B-1 ET SEQ.

1.      The answers to all preceding and subsequent paragraphs of the Complaint are hereby incorporated for the sake of brevity in lieu of formal repetition and the same are made the answer to Paragraph One of Count Twelve.

2.      The allegations of Paragraph Two are denied.

3.      The allegations of Paragraph Three are admitted.

4.      The allegations of Paragraph Four are denied.

## SEPARATE DEFENSES

1.      Plaintiff was guilty of negligence which either caused or contributed to the happening of the alleged accident and resulting injuries.

2.      The Complaint herein fails to state a claim upon which relief can be granted.

3.      The negligence herein, if any, was the negligence of third parties over whom this defendant had no control.

4.      The instant Complaint is barred by the applicable Statute of Limitations.

5.      This defendant is not negligent and breached no duty owed to the plaintiff herein.

6.      Plaintiff's Complaint is barred pursuant to the Automobile Insurance Cost Reduction Act.

7.      Plaintiff was guilty of negligence which either caused or contributed to the happening of the alleged incident and/or resulting injuries.

8.     The Complaint herein fails to state a claim upon which relief can be granted.

9.     The negligence herein, if any, was the negligence of third parties over whom these defendants had no control.

10.     The instant Complaint is barred by the applicable Statute of Limitations.

11.     These defendants are not negligent and breached no duty owed to the plaintiffs herein.

12.     The Complaint is barred, in whole or in part, by the Doctrine of Laches.

13.     Plaintiff's claims are barred by the Doctrines of Waiver and Estoppel.

14.     Plainitfff's claim for punitive damages is barred by the applicable law and violative of the Due Process Article of the United States Constitution.

15.     Plaintiffs did not suffer any damages attributable to any actions of these defendants.

16.     Defendants, at all times, acted in full conformity with all applicable federal and state statutes and regulations and exercised reasonable care in connection with plaintiff's residency.

**DEMAND IS HEREBY MADE FOR A TRIAL BY JURY AS TO ALL ISSUES**

**DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that the undersigned, Colleen M. Ready, Esquire, is hereby designated as Trial Counsel pursuant to Rule 4:15-4.

**CERTIFICATION**

I certify that this pleading was served within the time period allowed under Rule 4:6-1(d).

I certify that at this time, upon information and belief, this matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated.

There are no other parties known to this defendant who should be joined at this time.

MARGOLIS EDELSTEIN

Attorneys for Defendants, Friends of Cyrus Inc. d/b/a Lifetime with Cyrus, Daren Singhani, Kamelia Kamell, Abayomi Okunnubi, Husam Sam E. Abdallah

*/s/ Colleen M. Ready*

By:_____
        COLLEEN M. READY

Date:  September 11, 2024