MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorney for New Jersey,
    Department of Human Services

By:    Laura N. Morson
        Deputy Attorney General
        (609) 376-3200
        Laura.Morson@law.njoag.gov

---

| | | |
|---|---|---|
| D.P., et al. | : | UNITED STATES DISTRICT COURT for the |
| | : | DISTRICT of NEW JERSEY |
| v. | : | |
| | : | |
| Friends of Cyrus, Inc., et al. | : | U.S.D.C. Case No.: 3:24-cv-7743-RK-TJB |
| | : | |
| | : | CONFIDENTIALITY |
| | : | AND PROTECTIVE ORDER |
| | : | AND ORDER FOR PRODUCTION |

---

      **WHEREAS** this lawsuit was filed in the United States District Court for the District of New Jersey; and

      **WHEREAS,** Plaintiffs through their attorney, Kevin B. Riordan, Esq., requested that non-party the New Jersey Department of Human Services (DHS), Office of Program Integrity and Accountability (OPIA), provide a copy of its entire file, including all investigations into Lifetime with Cyrus (Friends of Cyrus) pertaining to the care and injuries sustained by D.P. on or about July 15, 2022, IRMS# 22-1979871. This includes all communications, texts, notes, statements, recordings, records, etc. without limitation; and

      **WHEREAS,** OPIA is in possession of investigation documents related to the incident(s), IRMS# 22-1979871; and

      **WHEREAS,** OPIA's investigation documents related to the incident(s), IRMS# 22-1979871, are confidential documents under N.J.A.C. 10:41-3.2(b), and can only be released by judicial order; and

**WHEREAS**, OPIA's investigation documents related to the incident(s), IRMS# 22-1979871, are also confidential under N.J.S.A. 30:4-24.3 because they directly and indirectly reveal the identities of individuals receiving services through DHS and may contain medical information regarding these individuals, and this information can only be released where a court has found disclosure is necessary for the conduct of proceedings before it and non-disclosure would be contrary to the public interest; and

**WHEREAS**, this court finds that the disclosure of OPIA's investigation documents in relation to IRMS# 22-1979871 is necessary for the conduct of these proceedings and that failure to make such disclosure would be contrary to the public interest;

IT IS on this _____ *18th* _____ day of _____ *September* _____, 2025 ORDERED that the following records in the possession of the OPIA, be turned over to Kevin B. Riordan, Esq., of Kevin B. Riordan, Esq., LLC:

**Copy of the entire file of the Office of Program Integrity & Accountability, including all investigations into Lifetime with Cyrus (Friends of Cyrus) pertaining to the care and injuries sustained by D.P. on or about July 15, 2022, IRMS# 22-1979871. This includes all communications, texts, notes, statements, recordings, records, etc. without limitation.**

And it is FURTHER ORDERED that the confidentiality of any and all information released by the OPIA to Kevin B. Riordan, Esq. in response to this Order will be protected as follows:

1. OPIA shall redact the names of any DHS service recipients, other than D.P., who are referenced in the report, as well as the names of their family members. OPIA shall also redact all personally identifiable information, including home telephone numbers, personal email addresses, and birth dates, other than D.P. OPIA shall redact the addresses of all community residences pursuant to N.J.A.C. 10:41-4.3. The investigation report shall be designated as confidential material.

2. Kevin B. Riordan, Esq., as attorney for Plaintiffs, and any other parties to this or any future litigation shall not further reproduce, copy, or otherwise disseminate this confidential

material to any person or agency for any reason, nor disseminate or make public the records by any means, direct or indirect, except as specified in this Order.

3. The confidential material released to Kevin B. Riordan, Esq., as attorney for Plaintiffs, pursuant to this Order:

    a. shall be kept strictly confidential and shall not be used or disclosed for any purpose other than trial preparation in this or any future litigation, as specified in this Order, for which this information was requested; and

    b. may not be disclosed to any other persons except the parties, the attorneys of record for the parties and members of their law firms/organizations, or to persons regularly employed in such law firms/organizations' offices, or, in accordance with the limitations set forth in paragraph 4, to certain other persons as reasonably necessary for the preparation or trial of this or any future litigation.

4. In addition to those persons listed in paragraph 3, the following persons may be given access to the confidential material when reasonably necessary for the conduct of this or any future litigation:

    a. Expert witnesses and consulting experts.

    b. Court reporters involved in taking depositions in this case.

    c. Non-party witnesses, but only in the course of, and to the extent necessary to conduct, depositions or interviews of such witnesses.

    d. Persons who were authors of the confidential material, or who were previous recipients of the confidential material.

    e. Those persons regularly employed by the Parties who are actively involved in the conduct of this or any future litigation. Such records shall not be further reproduced, copied or otherwise disseminated or disclosed to any person or

agency other than to the parties to this court proceeding or parties receiving

discovery, their experts, and the court having jurisdiction of the action; and

5. Any such person to whom the confidential material is to be disclosed pursuant to this Order

shall first be advised by the attorney making the disclosure that pursuant to this Order

such person may not divulge any such confidential material to any other person not

authorized hereunder to have access to such confidential material, and may not use such

confidential material for purposes unrelated to this or any future litigation and the reason

for the disclosure in the course thereof.

6. No later than sixty (60) days after the conclusion of this or any future litigation (including

exhaustion of all appeals and/or petitions for certiorari and certification), all confidential

material provided by DHS pursuant to this Order, including all copies made by the parties,

shall either be returned to Matthew J. Platkin, Attorney General of New Jersey, through

Laura N. Morson, Deputy Attorney General, or certified to have been destroyed.

7. To the extent that any of the confidential material is to be used as evidence in this or any

future litigation, the party introducing such confidential material shall file a motion to seal

pursuant to R. 1:38-11, and provide notice of such motion to the State Attorney General's

Office.

Hon. Tonianne J. Bongiovanni, U.S.M.J.